UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2BBG EXPRESS, LLC,

    Plaintiff,

v.                                        CASE NO. 8:16-CV-758-17AEP

QUALITY DISTRIBUTION, INC.,
QUALITY CARRIERS, INC., and GULF
COAST EXPRESS LEASING, CORP.,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Motions to Dismiss (Dkts. 6, 7), to which Plaintiff has responded in opposition (Dkt. 13). Upon consideration, the motions are granted in part and denied in part.

## BACKGROUND

Plaintiff 2BBG Express, LLC ("Plaintiff") alleges that Defendants breached two contracts. Plaintiff entered into a lease agreement ("the Lease") with Defendant Gulf Coast Express Leasing, Corp. ("Gulf Coast") to lease a tractor-trailer. (Dkt. 1 at ¶ 12; Dkt. 1-1 at 1). Plaintiff entered into an independent contractor agreement ("the Agreement") with Defendant Quality Carriers, Inc. ("QCI") to transport hazardous materials on QCI's behalf. (Dkt. 1 at ¶ 13; Dkt. 1-2 at 1). Although Plaintiff brings this action against a third defendant, Quality Distribution, Inc. ("QDI"), Plaintiff does not allege that QDI is a party to either contract.

Gulf Coast and QCI are affiliates. (Dkt. 1 at ¶ 9). Gulf Coast facilitated the services that Plaintiff performed under the Agreement with QCI by assigning delivery loads to

Plaintiff. (Id. at ¶ 14). QCI, in turn, deducted from Plaintiff's earnings the amount due under the Lease and paid those amounts directly to Gulf Coast. (Id. at ¶ 15). Plaintiff does not explain the role of QDI in the parties' dealings.

On March 26, 2011, Plaintiff's owner, Rowland James, informed QCI that he had a family emergency and needed to take an immediate leave of absence the following week. (Id. at ¶¶ 12, 20). On March 27, 2011, James delivered his last scheduled load for QCI. (Id. at ¶ 21). On March 28, 2011, James submitted paperwork for his last load and confirmed his request for leave. (Id. at ¶ 22). Shortly after, James locked and secured the tractor-trailer at Gulf Coast's truck yard with the intent of storing it there during his leave, which was a customary practice. (Id. at ¶ 23).

On March 29, 2011, Robert Warner canceled the Lease and the Agreement, "thereby forcibly shredding ties between [Plaintiff] and QCI." (Id. at ¶ 24). Plaintiff alleges that Warner is Gulf Coast's chief executive officer and "an authorized representative of QDI and/or QCI." (Id. at ¶ 25).

Three days later, Gulf Coast and QCI employees reported to police that James booby-trapped the tractor-trailer, which led to his arrest for aggravated battery. (Id. at ¶¶ 26-30). James was eventually acquitted of all charges, but the actions of Gulf Coast and QCI caused him to incur significant damages in the form of attorneys' fees, court costs, bail fees, and lost productivity. (Id. at ¶¶ 33-34).

James previously filed an action in this Court, which alleged claims against QDI and QCI for breach of the Agreement and for malicious prosecution. (Id. at ¶ 39). Plaintiff was not a party to that action. (See Case No. 8:14-cv-273, Dkt. 49 at 2). On August 24, 2015, The Honorable Charlene E. Honeywell granted summary judgment in favor of QDI and

QCI, holding that James lacked standing to sue for breach of contract because he was not a party to the Agreement or to the Lease. (Id. at ¶ 40; Case No. 14-cv-273, Dkt. 49 at 5-6). Judge Honeywell also held that the claim for malicious prosecution was time-barred. (Case No. 8:14-cv-273, Dkt. 49 at 6-9). The Clerk entered judgment in favor QDI and QCI. (Case No. 8:14-cv-273, Dkt. 50).

On March 29, 2016, Plaintiff filed the instant action, in an apparent attempt to remedy the standing issue identified by Judge Honeywell. Plaintiff alleges one claim for breach of contract, based on the Lease and the Agreement. (Dkt. 1 at ¶¶ 41-49). Defendants QDI and QCI have moved to dismiss the Complaint and to strike various allegations in the Complaint. (Dkt. 6). Defendant Gulf Coast has filed a substantially similar motion (Dkt. 7), and Plaintiff filed a single response in opposition to both motions (Dkt. 13).

## STANDARD

A complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the plaintiff includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. The factual allegations must "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

Although a court must accept as true all factual allegations, that rule does not extend to legal conclusions. Iqbal, 556 U.S. at 678. Thus, a complaint that relies on

"labels and conclusions or a formulaic recitation of the elements of a cause of action" is not sufficient to state a claim for relief. Id. (internal quotation marks omitted). Only when a complaint includes well-pleaded factual allegations will a court assume the veracity of those facts and determine whether the facts give rise to a plausible claim. Id. at 679.

Rule 12(f) of the Federal Rules of Civil Procedure provides that a court may strike from a complaint "any redundant, immaterial, impertinent, or scandalous matter." As this Court has previously explained, "[a] motion to strike is a drastic remedy, which is disfavored by the courts and will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." Thompson v. Kindred Nursing Ctrs. E., LLC, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002).

## DISCUSSION

### Motions to dismiss

Defendants apply Florida law to this dispute, presumably based on a choice-of-law provision in the Agreement. (Dkt. 1-2 at 8); Mazzoni Farms, Inc. v. E.I. DuPont De Nemours & Co., 761 So. 2d 306, 311 (Fla. 2000) ("Florida enforces choice-of-law provisions unless the law of the chosen forum contravenes strong public policy."). However, the Lease contains a choice-of-law provision in favor of Louisiana law. (Dkt. 1-1 at 11). To the extent that a conflict exists, the Court will apply the law of both Florida and Louisiana in order to resolve the instant motions. Cooper v. Meridian Yachts, Ltd., 575 F.3d 1151, 1171 (11th Cir. 2009); Tune v. Philip Morris Inc., 766 So. 2d 350, 352 (Fla. 2d DCA 2000). In future filings, the parties shall address the law governing Plaintiff's claims.

Under Florida law, a claim for breach of contract requires Plaintiff to establish: "(1) a valid contract, (2) a material breach, and (3) damages." Ferguson Enters., Inc. v. Astro Air Conditioning & Heating, Inc., 137 So. 3d 613, 615 (Fla. 2d DCA 2014). Similarly, under Louisiana law, the elements of a breach of contract claim are: (1) the obligor's undertaking an obligation to perform, (2) the obligor's failure to perform the obligation, and (3) resulting damages. Boudreaux v. Flagstar Bank FSB, 623 F. App'x 235, 237 (5th Cir. 2015).

The Court agrees with QDI that the Complaint fails to allege a plausible claim against QDI. QDI is not a party to either contract (Dkts. 1-1, 1-2), and the Complaint otherwise alleges no facts supporting a basis for recovery against QDI. The claim against QDI is therefore dismissed, with leave to amend.

With respect to the claim as it pertains to Gulf Coast and QCI, Plaintiff fails to allege a material breach of the Lease and the Agreement. Plaintiff does not specify which provisions of the Lease and the Agreement were breached, and Plaintiff does not explain how those provisions were breached. (See Dkt. 1 at ¶¶ 46-47); Hearn v. Int'l Bus. Machines, 588 F. App'x 954, 957 (11th Cir. 2014) (affirming dismissal where the plaintiff failed to allege the breach of a specific contract term and precisely how the defendants breached). Plaintiff may amend this claim, but in order to promote clarity, Plaintiff shall plead separate counts for the breach of the Lease and for the breach of the Agreement. See Fed. R. Civ. P. 10(b).

### Motions to strike

Defendants move to strike from the Complaint several paragraphs that recount the events surrounding Plaintiff's arrest and the criminal proceedings. (E.g., Dkt. 1 at ¶¶ 26-34, 36, 47-49). Defendants maintain that Plaintiff is essentially attempting to litigate James's

time-barred malicious prosecution claim. In response, Plaintiff persuasively argues that the challenged allegations are also relevant to the cancellation of the contracts. Because the allegations appear to have a possible relationship to the controversy, Thompson, 211 F. Supp. 2d at 1348, Defendants' motions to strike the challenged paragraphs are denied.

In a similar vein, Defendants move to strike Plaintiff's prayer for relief to the extent that Plaintiff seeks to recover attorneys' fees and costs expended by James in connection with his criminal case. (Dkt. 1 at 8). Florida and Louisiana follow the general rule that damages for breach of contract must be foreseeable or arise naturally from a breach. Bland v. Freightliner LLC, 206 F. Supp. 2d 1202, 1211 (M.D. Fla. 2002) (internal quotation marks omitted); First Commonwealth Corp. v. Hibernia Nat'l Bank of New Orleans, 891 F. Supp. 290, 297 (E.D. La. 1995). This is typically a fact-intensive inquiry that is inappropriate for disposition on a motion to strike. Hutchings v. Fed. Ins. Co., No. 6:08-CV-305, 2008 WL 4186994, at *2 (M.D. Fla. Sept. 8, 2008); see also Schmidt v. C.R. Bard, Inc., No. 6:14-CV-62, 2014 WL 5149175, at *7-8 (S.D. Ga. Oct. 14, 2014) (explaining that a motion to strike a demand for damages should only be granted if the damages are unavailable as a matter of law). The motion to strike is therefore denied without prejudice. Defendants may re-assert their arguments on a more mature record.

Defendants further argue that Plaintiff's request for punitive damages should be stricken for failure to comply with Fla. Stat. § 768.72(1). Section 768.72(1) imposes certain pleading requirements before a request for punitive damages may be asserted and before discovery may commence on the issue of financial worth. However, the Eleventh Circuit has unequivocally held that the pleading requirements of Section 768.72 do not apply in diversity actions, due to a conflict with Rule 8(a)(3) of the Federal Rules of Civil Procedure.

Cohen v. Office Depot, Inc., 204 F.3d 1069, 1072 (11th Cir. 2000). Defendants' motions are therefore denied on this issue.[1]

Finally, Defendants include cursory requests for attorneys' fees. (Dkt. 6 at 16; Dkt. 7 at 6). Defendants identify no basis for such an award, and the requests are therefore denied.

### Diversity allegations

In addition to the deficiencies outlined above, the Complaint fails to adequately allege the citizenship of Plaintiff sufficient to invoke this Court's diversity jurisdiction. For diversity purposes, a limited liability company "is a citizen of any state of which a member of the company is a citizen." Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ., 663 F.3d 1304, 1305 (11th Cir. 2011). The Complaint fails to allege the identity and citizenship of each of the members of Plaintiff. (Dkt. 1 at ¶ 5).

To the extent that the members are individuals, such as James, Plaintiff must properly allege the citizenship of those individuals. In particular, an individual is a citizen of any state in which he is "domiciled." Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir. 1974) ("A person's domicile is the place of 'his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent'"); McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002). Merely alleging an individual's "citizenship" or "residence" is not sufficient. Mas, 489 F.2d at 1399.

---

[1] If Plaintiff later seeks discovery on financial worth, Defendants may challenge the propriety of such discovery, in light of the provisions of Fla. Stat. § 768.72(1). See Porter v. Ogden, Newell & Welch, 241 F.3d 1334, 1340 (11th Cir. 2001) (declining to resolve whether a plaintiff must proffer evidence showing a reasonable basis for a punitive damages claim before pursing discovery in light of Fla. Stat. § 768.72(1)); Hite v. Hill Dermaceuticals, Inc., No. 8:12-CV-2277, 2013 WL 6799334, at *5 (M.D. Fla. Dec. 23, 2013) (noting differing views among federal district courts on this issue).

## CONCLUSION

Upon consideration, it is **ORDERED** that Defendants' Motions to Dismiss (Dkts. 6, 7) are **GRANTED IN PART**, as set forth more specifically above, and otherwise **DENIED IN PART**. Plaintiff shall file an Amended Complaint within 14 days of the date of this Order.

**DONE AND ORDERED**, in Chambers, in Tampa, Florida on this 24th day of October, 2016.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of record